### William Winklemann v. Illinois Central R. R. Co.

1. VARIANCE—*When it Amounts to a Substantial Defense.*—A variance not objected to in the trial court, can not be taken advantage of in the Appellate Court; but this is true only where the variance is of such a character that it does not defeat the action entirely. Where it is a substantial defense, the law as to variance does not apply.

**Action on the Case.**—Damages caused by the overflow of water upon land. Error to the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

AUGUST H. BAER, attorney for plaintiff in error.

KRAMER, CREIGHTON & SHAEFFER, attorneys for defendant in error; JOHN G. DRENNAN, of counsel.

This is an action brought by plaintiff in error to recover damages for an overflow of water upon his land, caused, as he alleges, by the improper and wrongful construction of the trestlework of a railroad, which at the time was operated by defendant in error.

The St. Louis, Alton & Terre Haute Railroad Company is the owner of a railroad running from the city of East St. Louis, in the county of St. Clair, in a southeasterly direction through the city of Belleville.

In the year 1881 said company built a branch road, known as the Belleville & Carondelet Railroad, extending from the city of Belleville, in a westerly direction, to the Mississippi river.

The said St. Louis, Alton & Terre Haute Railroad Company operated said railroads until the 1st day of October, 1896, when it leased them to defendant in error, and the defendant in error has operated them ever since.

Plaintiff in error is the owner of a tract of land in the southerly portion of the city of Belleville, known as the Fair Grounds.

The said railroad that runs from the city of East St. Louis in a southeasterly direction passes along the northeasterly corner of said land. The Belleville & Carondelet Railroad runs a short distance south of said land. Richland creek runs in a southeasterly direction near the westerly side of said land, and is crossed by the Belleville & Carondelet Railroad about 400 feet south of said land. Across said stream, on said railroad, is constructed a trestlework about sixty feet in width, with piling bents about fifteen feet apart.

In 1885 there was a heavy rainstorm, and a large quantity of water overflowed plaintiff in error's land, for which he instituted suit against the St. Louis, Alton & Terre Haute Railroad Company, the owner and then operator of the said Belleville & Carondelet Railroad, charging it with obstructing the water by its embankments and trestlework across

Richland creek, and causing it to overflow his lands, in which suit he recovered a judgment for $500 against said railroad company.

The declaration in the present suit alleges that the St. Louis, Alton & Terre Haute Railroad Company is the owner of the railroad known as the Belleville & Carondelet Railroad; that the same was leased to defendant in error on or about the 1st day of October, A. D. 1896, and that defendant in error has since operated the same; that the said railroad is constructed with an embankment and bridge across Richland creek with a trestlework; that the trestle is improperly constructed, and of insufficient capacity to permit the natural flow of water, in ordinary freshets, which passes through the channel of said stream; that on or about the 29th day of May, 1898, an ordinary rainstorm set in, and a large quantity of rainwater naturally fell, which water would have flowed off without damaging the plaintiff had the bridge over Richland creek been of sufficient capacity, but that said bridge was of insufficient capacity to let the water flow, and it backed up and ran on plaintiff's land and damaged him.

The declaration also alleges that defendant in error, in January, 1898, was notified of the unsuitable and improper construction of said trestle bridge, and requested to so change it as to allow the free flow of water, but that defendant in error neglected and refused to so change it.

The recovery of a judgment against the St. Louis, Alton & Terre Haute Railroad Company in 1892 is not averred in the declaration.

The general issue was pleaded and verdict and judgment were for defendant, from which plaintiff brings the case before this court upon writ of error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

It is urged as error, that the court refused to admit in evidence the declaration, plea and judgment of the Circuit Court in January, 1892, in a suit by plaintiff in error against

the St. Louis, Alton & Terre Haute Railroad Company for overflowing the land in question, by reason of the trestle-work and bridge complained of in the present case.

It is claimed that this judgment is conclusive as to the liability of defendant in error, as a lessee of the St. Louis, Alton & Terre Haute Railroad Company, upon the allegation of the improper construction of the bridge trestle, and the consequent effect in overflowing plaintiff in error's land.

If the record of the former judgment was competent at all under the declaration, upon which point we do not pass, it was competent as evidence in chief. It was discretionary with the court to admit this evidence in favor of plaintiff after defendant had rested his case, but it was not error to refuse to admit it as evidence in rebuttal. He can not complain because he was not allowed to split his evidence by offering a part of it in chief to prove his case, and a part in rebuttal.

It is urged that the court erred in submitting the following special interrogatory to the jury :

"Was the rain storm which fell on May 9, 1898, an ordinary or an extraordinary rain storm ? "

One objection urged is that this interrogatory was not presented to plaintiff at the close of the evidence, but was presented after the opening argument to the jury had been made by counsel for plaintiff, and defendant's counsel was addressing the jury. We assume that the practice of the Circuit Court of St. Clair County permitted counsel for plaintiff to reply to counsel for defendant's argument. If so, the purpose of the statute requiring special interrogatories to be presented to opposing counsel before argument, was secured, as counsel for plaintiff had an opportunity to discuss the evidence upon this special interrogatory. It may be added also, that the record shows no objection made to submitting the interrogatory on account of the time when it was presented to counsel.

It is also urged that the special interrogatory should not have been submitted because it does not submit "an ultimate question of fact."

The declaration alleges " that said bridge was improperly constructed and altogether insufficient of capacity to permit the natural flow of water that, in ordinary freshets, pass in and out through the channel when the bridge is so constructed, to flow; that in freshets, said bridge obstructs the natural flow of water," etc.

Plaintiff avers that he gave notice to defendant of the improper construction of the bridge and requested defendant to change it so as " to permit the free flow of water as aforesaid."

Plaintiff further avers that on the 29th day of May, 1898, " an ordinary rain storm set in," and avers an overflow and damage from this storm.

Plaintiff in error asked and the court gave the following instructions: .

" If from the evidence in this case the jury believe that the Illinois Central Railroad Company, defendant in this suit, had been duly notified at the time set forth in the declaration, that the embankment and trestlework in question in this suit were insufficient to permit the natural flow of water in ordinary floods and freshets to pass, as set forth in the declaration; that from the time of the notice, and from thence to the commencement of this suit, defendant, the Illinois Central Railroad Company, permitted the embankment and trestlework to remain insufficient, as aforesaid, and did not provide sufficient opening in said embankment and trestlework to permit the passage of the water which would naturally flow in said water-course during ordinary periodical floods and freshets, and that on, to wit, May 29, 1898, there was a flood and freshet in the neighborhood and on the lands adjoining plaintiff's fair grounds; that by reason of said obstruction an increased quantity of water was forced upon plaintiff's land (fair. grounds,) from which the plaintiff suffered injury, as alleged in the declaration; then plaintiff is entitled to recover, etc.

If from the evidence in this case the jury believe that the plaintiff, by a preponderance of the evidence, has proven all the allegations contained in the declaration, then the plaintiff is entitled to recover, and the jury may assess plaintiff's damages at such amount as from the evidence the jury believe plaintiff ought to recover."

The third instruction refers to the allegations of the declaration specifically and concludes:

" And if the jury further believe from the evidence that in the montho f May, 1898, the fair grounds were overflowed, and the overflow was caused by the obstruction of the embankment and trestlework being insufficient to permit water in ordinary floods and freshets to pass in and through the channel of said creek and through said trestlework, then your verdict ought to be in favor of plaintiff, and you may assess the damage at such amount as from the evidence you believe the plaintiff ought to recover."

It is clear from these citations that the case was tried by plaintiff in error upon the proposition that the rain storm of May, 1898, was not an extraordinary rain storm, or such as defendant in error could reasonably anticipate.

It is in evidence that it was an "extraordinary heavy rain storm;" "quite a flood;" " an unusually heavy storm."

The instructions for defendant in error are based upon this proposition. That being so, the special interrogatory calls for an answer upon a controlling issue, and it was not error to submit it. In this view we think there was no error in giving instructions numbered 2 and 4 asked by defendant. Instruction 6, given for defendant, is open to the criticism that it does not state what the material allegations of the declaration are, while it tells the jury that they must believe from the evidence that the plaintiff has proved by a preponderance of the evidence every material allegation in the declaration.

But plaintiff in error, in his instructions, recited the material allegations necessary to be proved, and so taking the instructions as a series, the jury were told what were material allegations.

It is also urged that because the proof showed a greater rain storm than the declaration alleged, that this does not, on the ground of variance, preclude a recovery. It is true that a variance not objected to in the trial court, can not be taken advantage of in an appellate court.

But this is true only where the variance is of such a character that it does not defeat the action entirely.

If defendant in error was legally bound to use reasonable care in the construction of its trestle bridge to prevent an

overflow in ordinary freshets, or such as might reasonably be anticipated, but was not bound to anticipate and guard against extraordinary floods, then proof of an extraordinary flood was proof that negatived plaintiff's right to recover.

It was more than a mere variance; it was a substantive defense; and the law as to variance as stated by plaintiff in error does not apply.

Finding no reversible error in the record, the judgment is affirmed.